

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2007

# Bucknor v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1624

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bucknor v. Atty Gen USA" (2007). *2007 Decisions.* Paper 797.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/797

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1624

———

DEVON A. BUCKNOR,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A72-784-868
(Honorable Eugene Pugliese, Immigration Judge)

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2007

Before: FUENTES, VAN ANTWERPEN, and SILER,* <u>Circuit Judges</u>.

(Filed July 10, 2007)

———

OPINION OF THE COURT

———

_____

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth
Circuit, sitting by designation.

SILER, *Circuit Judge*.

Petitioner Devon A. Bucknor, a native and citizen of Jamaica, seeks review of the January 26, 2006, Order of the Board of Immigration Appeals ("BIA") that affirmed the Immigration Judge's ("IJ") denial of Bucknor's request for waiver of removal. We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a), and for the reasons set forth below, we will deny the petition.

I.

Because we write solely for the benefit of the parties, we will set forth only those facts necessary to our analysis.

Bucknor entered the United States at an unknown place and time. On April 25, 2005, the government commenced removal proceedings against Bucknor on two grounds: 1) as an alien present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i); and 2) as an alien convicted of a crime involving moral turpitude, 8 U.S.C. § 1182(a)(2)(A)(i)(I).[1] Bucknor admitted alienage, contested removal and sought a waiver of removal under 8 U.S.C. § 1182(h).[2]

---

[1] On January 15, 2003, Bucknor was convicted of embezzling things of value of the United States worth $165,286.63, 18 U.S.C. § 641. Bucknor does not contest the conviction or that it constitutes a crime of "moral turpitude."

[2] Section 1182(h) provides, in relevant part:
    The Attorney General may, in his discretion, waive the application of subparagraphs . . . (a)(2) of this section . . . if . . . in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the alien's denial

2

During the 2005 hearing, the IJ questioned whether Bucknor's immigration status could be adjusted even if Bucknor were granted a waiver of removal for the embezzlement conviction. The IJ pointed out that Bucknor was still removable under § 1182(a)(6)(A)(i), which could not be waived under 8 U.S.C. § 1182(h). Bucknor thereafter indicated that he had previously filed an application for adjustment of his illegal status under the Legal Immigration Fairness and Equity ("LIFE") Act, Pub. L. 106-553, 114 Stat 2762 (2000), which was pending before United States Citizenship and Immigration Services ("CIS"), in the Department of Homeland Security ("DHS"), at the time of the hearing.[3] Therefore, Bucknor averred that the IJ need only address the waiver of removal issue. Although the status of Bucknor's LIFE Act application before CIS was uncertain at the time of the hearing, the IJ proceeded to address the merits of Bucknor's claim.

The IJ ruled that Bucknor's application for adjustment of status under the LIFE

---

of admission would result in extreme hardship to the United States citizen
or lawfully resident spouse, parent, son, or daughter of such alien.
8 U.S.C. § 1182(h).

[3] Under the LIFE Act, an eligible alien may adjust status to become a lawful permanent resident if the following conditions have been met: 1) an application was filed between June 1, 2001 and June 4, 2003; 2) the alien entered the United States before January 1, 1982 and resided here continuously through May 4, 1988; 3) the alien was continuously physically present in the United States between November 6, 1986 and May 4, 1988; and 4) the alien is not inadmissable under any of the provisions of the INA § 212(a), including not having been convicted of a felony. *See* 8 C.F.R. § 245a.11. An alien who is prima facie qualified for adjustment of status under the LIFE Act may request that any deportation or removal proceeding before the Immigration Court or BIA be administratively closed or continued in order to allow the alien to pursue the LIFE Act application. 8 C.F.R. § 245.a12(b)(1).

3

Act was of no utility to his § 1182(h) waiver application. This was because Bucknor's felony conviction for embezzlement rendered him ineligible for LIFE Act relief. *See* 8 U.S.C. § 1101(a)(43)(M)(i) (classifying fraud or deceit in which loss to the victim exceeds $10,000 as an aggravated felony under the INA). Therefore, the IJ did not consider Bucknor's § 1182(h) waiver application and ordered Bucknor removed.

In 2006, the BIA dismissed Bucknor's appeal. It stated that it would not consider Bucknor's request for remand as "a waiver will generally only be granted where the grant would effect a complete disposition of the case." Bucknor remained removable under § 1182(a)(6)(A)(i) even if the § 1182(h) waiver were granted for removal based on his embezzlement conviction. Further, the BIA noted that Bucknor's only possible relief for removal based upon the § 1182(a)(6)(A)(i) ground was the LIFE Act, for which he was ineligible. As a final matter, the BIA noted that to the extent the IJ exceeded his authority by preterminating Bucknor's LIFE Act application, any error was harmless as DHS was not bound by the IJ's decision on this matter.

## II.

We review the BIA's legal conclusions de novo, giving appropriate deference to the agency's interpretation of the underlying statute. *Zheng v. Gonzales*, 422 F.3d 98, 108 (3d Cir. 2005). Because the BIA adopted the IJ's findings and discussed some of the bases for the IJ's decision, both the BIA's and the IJ's decisions are before us for review. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).

Bucknor contends that the IJ erred by not considering his § 1182(h) request for waiver on the merits. However, as previously determined by the IJ and the BIA, § 1182(h) was of no use to Bucknor because even if removal for the embezzlement conviction had been waived, Bucknor remained removable under § 1182(a)(6)(A)(i). Therefore, the BIA's decision not to remand the waiver issue to the IJ was correct because Bucknor would have been removed regardless of the waiver. *See, e.g., Matter of Luis-Rodriguez*, 22 I. & N. Dec. 747, 753 (BIA 1999) ("[T]his Board has reserved the discretion to dismiss appeals and deny motions as moot as a discretionary matter of prudence. . . . where a controversy has become so attenuated or where . . . an action by one of the parties has deprived an appeal or motion of practical significance.").

Bucknor also contends that the BIA's prejudgment of the LIFE Act claim created an inappropriate legal standard because adjustment of status under the LIFE Act is left to the exclusive realm of DHS. However, where a petitioner cannot establish prima facie eligibility for adjustment of status under the LIFE Act, the IJ is under no duty to grant a continuance of removal proceedings pending resolution of the LIFE Act application. *See Khan v. Attorney General*, 448 F.3d 226, 234-35 (3d Cir. 2006). Bucknor's embezzlement conviction clearly rendered him unable to make out a prima facie case for LIFE Act relief. *See* 8 C.F.R. § 245a.18 (providing that felony convictions for crimes involving moral turpitude render an applicant ineligible under the LIFE Act and may not

5

be waived). Accordingly, the BIA did not apply an incorrect legal standard in finding Bucknor ineligible for adjustment of status.

Bucknor finally contends that had the IJ adjudicated his waiver request, his felony embezzlement conviction would have no longer rendered him ineligible for adjustment of status under the LIFE Act. However, waiver for purposes of § 1182 "does not preclude the INS or courts from relying on the underlying offense to bar other forms of immigration relief or benefits." *Chan v. Ganter*, 464 F.3d 289, 295 (3d Cir. 2006). Therefore, Bucknor's contention does not persuade us that the BIA's decision was erroneous.

## III.

We have considered all other arguments made by the parties on appeal and find that no further discussion is necessary. For the foregoing reasons, we conclude that the BIA did not apply an improper legal standard, and we will deny the petition for review.